O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ELLIOTT,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>            Defendant. | Case No. CV 08-1495-MLG<br><br>MEMORANDUM OPINION AND ORDER |

I. **Procedural and Factual History**

Plaintiff Robert Elliott seeks judicial review of the Commissioner's final decision denying his application for Social Security Disability benefits. Plaintiff filed his application for benefits on October 27, 2004, alleging disability since February 1, 1998 due to back, neck, hand and foot pain, and a pulmonary impairment. (Administrative Record ("AR") at 18, 79). Plaintiff was born on March 6, 1953. (AR at 614). He has less than a high school education and did not earn a GED (AR at 615). He has almost a year in college for vocational training in welding and blueprint reading (Id.). Plaintiff was previously employed as a welder. (Id.).

Plaintiff's application was denied initially on February 4, 2005 and upon reconsideration on August 4, 2005 (AR at 49-53, 56-60). An administrative hearing was held on February 14, 2007, before Administrative Law Judge ("ALJ") Charles E. Stevenson, at which Plaintiff was represented by attorney Joan Hall. (AR at 611-640). Plaintiff testified at the hearing (AR at 613-634, 637-639), as did Vocational Expert ("VE") Helen Baoitey (AR at 635-637, 639).

On June 24, 2007, ALJ Stevenson denied Plaintiff's application for benefits. (AR at 15-25). The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2000. (AR at 20). The ALJ found that Plaintiff had not engaged in substantial gainful activity during the period at issue. (Id.). The ALJ further found that, pursuant to 20 C.F.R. 416.920(c), the medical evidence established that Plaintiff's back pain was severe. (Id.). However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.). The ALJ also determined that, although Plaintiff could not perform his past relevant work, Plaintiff nevertheless retained the "residual functional capacity to perform the full range of light work." (AR at 21). Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f).

On January 11, 2008, the Appeals Council denied review (AR at 5-8) and Plaintiff timely commenced this action for judicial review. On December 12, 2008, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) finding that Plaintiff's testimony concerning the alleged debilitating effects of his condition was not entirely credible; (2)

failing to give proper weight to the assessments of Plaintiff's treating physicians; and (3) failing to consider relevant medical evidence in finding that Plaintiff's only severe impairment was a back impairment. (Joint Stp. at 2-3). Plaintiff seeks reversal of the Commissioner's denial of his application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stp. at 18). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. at 19).

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contentions regarding the ALJ's determination of Plaintiff's credibility to be meritorious and remands this matter for further proceedings consistent with this opinion.[1]

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*,

---

[1] The court will only address the credibility finding in detail. However, as noted above, Plaintiff also contends that the ALJ did not give proper weight to the assessments of Plaintiff's treating physicians and the ALJ erred in finding that only Plaintiff's back pain was severe. Because the ALJ erred by failing to make specific findings in support of his determination regarding Plaintiff's credibility, the Court does not reach these remaining issues, and therefore will not decide whether these issues would independently warrant relief.

3

466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. Discussion

Plaintiff contends that the ALJ's analysis of Plaintiff's credibility and subjective symptoms was not legally sufficient. (Joint Stp. at 3-4). In his decision, the ALJ determined that Plaintiff's allegations of disabling limitations due to his back, foot and hand pain were "not credible to the extent alleged on and prior to his date last insured." (AR at 23).

At the hearing, Plaintiff testified that between February 1998 and December 2000 (the relevant period for determination of disability), he had lower back pain and foot pain, which caused him extreme difficulty in walking and standing. (AR at 617-618). Plaintiff testified that, because of pain in his back and right foot[2], he could not stand for more than ten or fifteen minutes at a time, and could not walk more than a block. (AR at 618). He also testified that he spent most of the day "laying down." (AR at 621). Plaintiff testified that he is unable to do any chores, but that his girlfriend's brother would help him by doing

---

[2] The foot pain apparently was caused by an accident at work in which a heavy object fell on Plaintiff's foot and broke two of his toes. (AR at 620).

4

the laundry, dishes, and other household chores. (AR at 628). He further testified that he rarely drives and had to borrow a car to drive to the hearing. (Id.).

The ALJ rejected Plaintiff's testimony, finding that, although Plaintiff's medically determined impairments could have been reasonably expected to produce the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (AR at 22). The ALJ explained:

> [T]he claimant testified with detail regarding his complaints. However, his testimony regarding his vocational rehabilitation and part time work in 1999 were "hazy." In fact, the claimant could not remember anything that might be adverse to his disability case. In other words, the claimant was able to vividly testify to all the medical aspects of his case but he was most imprecise as to the relevant facts of his vocational rehabilitation and his part time work. This type of ad hoc medical reporting lends an overall contrived nature to this case.

(AR at 23). Plaintiff argues that the ALJ's findings regarding his credibility were insufficient because the ALJ did not specifically identify what testimony was not credible and what evidence undermined Plaintiff's complaints. (Joint Stp. at 3).

When deciding whether to accept the testimony of a claimant, the ALJ must perform a two-step analysis. At the first step, the claimant must produce objective medical evidence of one or more impairments, and show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996) (citing *Cotton v. Bowen*, 799 F.2d 1403

(9th Cir. 1986)).  The claimant is not required to produce objective medical evidence of the symptom itself or the severity of the symptom. *Id.* at 1282 (citing *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc)).  At the second step of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of his symptoms.  If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ makes specific findings giving clear and convincing reasons for the rejection, including which testimony is not credible and what facts in the record lead to that conclusion. *Id*. at 1284 (citing *Dodrill*, 12 F.3d at 918).

Social Security Regulation 96-7p identifies the types of evidence that may be used, in addition to objective medical evidence, to assess a claimant's credibility.[3]  For example, an ALJ may discredit a claimant's testimony if she engages in daily activities that are inconsistent with her allegations. *Bunnel v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991).  "Another relevant factor may be 'unexplained or inadequately explained, failure to seek treatment or follow a prescribed

---

[3]   SSR 96-7p lists seven types of evidence:
1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at * 3.

course of treatment.'" *Id.* (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  The ALJ may also use "ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (internal quotations omitted).

A claimant who is alleging extreme pain and other subjective symptoms is *not* required to produce objective medical evidence of the symptom's existence or severity, or of the causal relationship between the impairment and the symptom; nor is the claimant required to show that the impairment could reasonably be expected to cause the *severity* of the symptom alleged. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); *see also Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (*en banc*).  Rather, a claimant is only required to show that his impairment could reasonably have caused *some degree* of the symptom. *Smolen*, 80 F.3d at 1282.

Because Plaintiff produced objective medical evidence of underlying impairments which could reasonably be expected to produce some degree of pain and there was no evidence of malingering, the ALJ was required to offer specific, clear and convincing reasons before rejecting Plaintiff's subjective symptom testimony. *Smolen*, 80 F.3d at 1281. The Court finds that the ALJ failed to do so.

The ALJ found Plaintiff's testimony to not be fully credible because Plaintiff allegedly had difficulty remembering the details of his vocational training and part-time work, but that he could, on the other hand, remember very clearly the details of his medical history and symptoms. A review of Plaintiff's testimony, however, demonstrates that Plaintiff was sufficiently specific regarding the details of his

vocational rehabilitation in 2000.  In response to the ALJ's questioning about his vocational rehabilitation, Plaintiff testified that he was given computer training and earned a certificate: "I was trained to install like Windows in it, install things into them like the drivers and stuff in computers," as well as operate "A+." (AR at 630-631).  He further testified that his treating physician, Dr. Spencer, took him out of the computer training course because of his back problems and placed him in physical therapy. (AR at 634).  However, when he was finished with physical therapy, the worker's compensation insurance company required Plaintiff to take the computer course in order to earn worker's compensation benefits. (Id.).  Plaintiff further testified that he was in the computer course for about "four hours, four days a week," but that, at least a few times per week, he would have to leave the class early or "sometimes go out and lay in the car." (AR at 637-638).

The ALJ also found Plaintiff's testimony regarding his part-time work to be similarly "hazy."  However, Plaintiff testified that he drove a limousine for a short period around 2000 but that he only earned a total of about $700 because he was not able to do the driving and lifting required by the job. (AR at 616).  Again, the Court finds this testimony to be sufficiently detailed and does not appear to be "hazy."

In support of his findings regarding Plaintiff's credibility, the AlJ also stated that Plaintiff "was able to vividly testify to all the medical aspects of his case." (AR at 23).  The ALJ did not cite any specific examples in the record nor any authority that a claimant's specific, detailed recall of their medical history and symptoms reflects unfavorably on their credibility.  Further, the ALJ stated that Plaintiff "could not remember anything that might be adverse to his case." (AR at 23).  Again, the ALJ did not provide any specific examples

of "anything that might be adverse" to Plaintiff's claim nor does there appear to be any evidence that Plaintiff was being evasive or untruthful at the administrative hearing.

The ALJ further found Plaintiff's testimony not to be fully credible because he was not taking the type of pain medication associated with severe disabling pain, there appeared to be a gap in Plaintiff's treatment from December 1999 to February 2001, and Plaintiff only had conservative treatment for his alleged pain. (AR at 23). In making these findings, the ALJ appears not to have considered the record as a whole, but instead emphasized only selective evidence which was unfavorable to Plaintiff. For example, Dr. Curtis Spencer III, Plaintiff's treating physician, diagnosed Plaintiff with internal disc disruption and degenerative disc disease and ordered a discography on June 8, 1999. (AR at 436). The report further stated that Plaintiff had "severe unrelenting back pain and failure to respond to conservative care." (Id.). Further, on June 17, 1999, Dr. Spencer examined Plaintiff and found that his degenerative disc disease was "too extensive for surgical intervention unless he is really incapacitated." (AR at 435).

The ALJ also found that Plaintiff's ability to complete vocational rehabilitation and get a certificate in his computer training course undermined his complaints of disabling pain. (AR at 23). Again, the ALJ appears to have focused only on unfavorable evidence in the record, while disregarding other pertinent evidence. For example, the ALJ disregarded Plaintiff's testimony that, although he attended the computer training course, he still was required to leave the class at least a few times per week and/or lie down in his car. (AR at 637-638).

Accordingly, the ALJ's failure to specifically identify what facts or testimony supports the finding that Plaintiff is not credible or what

evidence undermines Plaintiff's subjective complaints warrants remand for further proceedings.[4]

**IV.  CONCLUSION**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding case for reconsideration of credibility determination).

Remand is appropriate here for the ALJ to reconsider his determination of Plaintiff's credibility as that is not a determination which this Court can make. Accordingly, the case is remanded for further evaluation in accordance with the five-step sequential process.

---

[4] This is not a determination that all of Plaintiff's subjective complaints must be credited and that he must be found disabled. The Court will not substitute its own judgment on credibility for the judgment of the ALJ. *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003)("[T]he ALJ, who holds a hearing in the Commissioner's stead, is responsible for determining credibility and resolving conflicts in medical testimony.").

**Order**

Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this opinion.

DATED: December 24, 2008

_____
Marc L. Goldman
United States Magistrate Judge